

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                                              Plaintiff,<br>vs.<br><br>PETER L. RHOADES; et al.,<br><br>                                              Defendants. | CASE NO. 11-cv-0736 BEN (MDD)<br><br>ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

     For the reasons set forth herein, the Court remands *sua sponte* the above-captioned action to San Diego Superior Court.

     This action is an unlawful detainer action initially filed in San Diego Superior Court, East County Division. The Complaint alleges that Plaintiff is the owner of real property located at 1090 Valley View Drive, Julian, California 92036. (Compl., ¶ 4.) Plaintiff alleges it served Defendants with written notice to vacate the property, but Defendants failed to vacate the property and continue to fail to vacate the property. (*Id.* at ¶¶ 6-8.) Plaintiff seeks, among other things, possession of the property. (*Id.* at p. 2.)

     On April 11, 2011, Defendant Peter L. Rhoades filed a Notice of Removal, thereby removing the action to this Court. (Docket No. 1.)

     Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand

any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ( "[N]either an affirmative defense based on federal law. . . nor one based on federal preemption. . . renders an action brought in state court removable.").

After reviewing the Complaint, the Court finds it lacks subject matter jurisdiction. Plaintiff's claims do not arise under federal law, nor is there evidence of diversity jurisdiction. To the extent Rhoades argues in the Notice of Removal that Plaintiff violated his rights under the "Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]," the Court notes that no party has pled those claims in this action; therefore, those claims cannot serve as a basis for jurisdiction. The Court also notes that Rhoades' removal may also violate the thirty (30) day deadline for seeking removal under 28 U.S.C. § 1446.

In light of the above, the Court hereby remands this case *sua sponte* to the San Diego Superior Court.

**IT IS SO ORDERED.**

Date: April 18, 2011

Hon. Roger T. Benitez
United States District Court Judge